Dear Mr. McGhee:
This opinion is in response to your question asking whether competitive bidding is required for a contract for extensive repair and remodeling of a recently purchased building for use as additional office space for county officials.
You also state:
 "The County Court of Stoddard County, Missouri, recently contracted to purchase an existing building for the purpose of additional office space for county officials. The building is old and will require extensive repair and remodeling. The county has sufficient revenue on hand to pay for the work required. It is anticipated that the funds to be expended for the purchase, repair and remodeling of the building will be drawn from the revenue sharing funds available to the county."
In your request you also refer to an opinion of this office, No. 384, dated September 30, 1963 to McCaffree, in which this office concluded that in the fact situation presented in that opinion Section 49.420, RSMo did not apply to repairing, remodeling or altering an existing building for a jail and therefore the county court could contract for such work without competitive bidding. Since that opinion was written Sections 50.525, et seq., The County Budget Law, was amended so that Section 50.660, RSMo now applies to third and fourth class counties as well as counties of classes one and two. See our Opinion No. 80, dated June 23, 1971, to McCuskey, enclosed.
Section 50.660 is quoted in that opinion and since it has not been amended since that opinion was issued we will not repeat it here.
We are of the view that the provisions of Section 50.660 are applicable here and as a consequence the county court must advertise for bids for such contracts as provided. See Layne-Western Co. v.Buchanan County, Missouri, 85 F.2d 343 (8th Cir. 1936). It makes no difference that the funding is from revenue sharing funds.
Inasmuch as Opinion 384, dated September 30, 1963 to McCaffree, is no longer appropriate in view of the amendments to the law we have noted, it is hereby withdrawn.
CONCLUSION
It is the opinion of this office that a third class county which wishes to repair and remodel a recently purchased building for use as additional office space for county officials must comply with the provisions of Section 50.660, RSMo.
The foregoing opinion which I hereby approve was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 80, 6-23-71, McCuskey